**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CONGOLEUM CORPORATION, et al.,<br><br>        Debtors and Debtors-in-Possession. | Chapter 11<br>Case No. 03-51524 (KCF)<br>Jointly Administered |
| CONGOLEUM CORPORATION, Debtor-in-Possession,<br><br>        Plaintiff,<br><br>        v.<br><br>ARTHUR J. PERGAMENT, as the Collateral Trustee of the Collateral Trust, on behalf of Claimants Holding Claims in Class 3 – Secured Asbestos Claims of Qualified Participating Claimants,<br><br>JOSEPH F. RICE, MOTLEY RICE LLC,<br><br>PERRY WEITZ, WEITZ & LUXENBERG, P.C.,<br><br>and<br><br>ALL DEFENDANTS LISTED ON EXHIBITS 1 THROUGH 40 TO THIS COMPLAINT.<br><br><br>        Defendants. | Adv. Proc. No. |

**COMPLAINT TO AVOID PRE-PETITION LIENS, TO AVOID AND RECOVER PREFERENTIAL TRANSFERS OF PROPERTY AND FRAUDULENT TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 544, 547, 548, 549, AND 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Plaintiff Congoleum Corporation ("Plaintiff," or "Debtor"), by its attorneys, Pillsbury Winthrop Shaw Pittman LLP and Okin, Hollander & DeLuca, LLP, as and for its Complaint against the above-captioned defendants (the "Defendants"), alleges as follows:

500010931v4

## JURISDICTION AND VENUE

1.      Plaintiff brings this adversary proceeding for relief pursuant to Sections 502, 544,

547, 548, 549, and 550 of Chapter 11, Title 11 of the United States Code (the "Bankruptcy

Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and applicable state law against (a) Arthur J. Pergament, as Collateral Trustee[1]; (b) Joseph F.

Rice ("Rice") and the law firm of Motley Rice LLC ("Motley Rice"); (c) Perry Weitz ("Weitz"),

the law firm of Weitz & Luxenberg, P.C. ("Weitz & Luxenberg"); and (d) those individually

named defendants listed on Exhibits 1-40 hereto, who are clients of various law firms and

holders of Secured Asbestos Claims against Plaintiff for asbestos-related personal injuries (the

"Secured Asbestos Creditors"), for the purpose of (i) avoiding and recovering certain preferential

transfers of property made to the Secured Asbestos Creditors; (ii) avoiding and recovering

certain fraudulent transfers of property made to the Secured Asbestos Creditors; (iii) avoiding

and/or determining the validity, priority, or extent of certain pre-petition liens granted to secure

the claims of the Secured Asbestos Creditors; (iv) avoiding and recovering certain preferential

transfers of property made to Rice and/or Motley Rice; (v) avoiding and recovering certain

fraudulent transfers of property made to Rice and/or Motley Rice; (vi) avoiding and recovering

certain preferential transfers of property made to Weitz and/or Weitz & Luxenberg; (vii)

avoiding and recovering certain fraudulent transfers of property made to Weitz and/or Weitz &

Luxenberg; and (viii) disallowing the claims of Rice and/or Motley Rice and Weitz and/or Weitz

& Luxenberg.

---

[1]     As defined in the Debtors' proposed Sixth Modified Joint Plan of Reorganization (the "Plan").  Capitalized
        terms used without definition herein have the meaning ascribed to such terms in the Plan and Plan Documents.

2.      This Court has jurisdiction over the parties and subject matter of this adversary

proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), and 1334(b).

3.      This adversary proceeding is a "core" matter pursuant to 28 U.S.C.

§ 157(b)(2)(F), (H), and (K) and accordingly, this Court has jurisdiction to hear and determine

the issues presented herein.

4.      Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C.

§ 1409(a).

## THE PARTIES

5.      Plaintiff Congoleum Corporation is a Delaware corporation, with its principal

place of business located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619-0127.

6.      Defendant Arthur J. Pergament ("Pergament" or the "Collateral Trustee") is the

trustee for the Collateral Trust, a Delaware trust established pursuant to that certain irrevocable

trust agreement entered into by Plaintiff, the Collateral Trustee, and Wilmington Trust Company,

as amended by the first and second amendments thereto, and any further modifications or

amendments thereto (the "Collateral Trust Agreement").  As set forth in the Collateral Trust

Agreement, the Collateral Trustee has the power and authority to enforce the Collateral Trust's

interest in the collateral securing the claims of the Secured Asbestos Claimants, and hence is a

proper party to this adversary proceeding.  Defendant Rice is an individual and attorney for

certain of the Secured Asbestos Creditors.  Defendant Motley Rice is a South Carolina limited

liability company, with its principal place of business located at 28 Bridgeside Boulevard, Mount

Pleasant, South Carolina 29464.  Defendant Weitz is an individual and attorney for certain of the

Secured Asbestos Creditors.  Defendant Weitz & Luxenberg is a New York professional

corporation, with its principal place of business located at 180 Maiden Lane, 17th Floor, New York, New York 10038.

7.      The Secured Asbestos Creditors are individuals who are holders of Secured Asbestos Claims against Congoleum.  Each of the Defendants identified on Exhibits 1-40 is the holder of a Secured Asbestos Claim and, upon information and belief, is represented by one or more law firms, which are identified herein.  For ease of reference, the Plaintiff has prepared separate exhibits listing, by law firm, each of the Secured Asbestos Creditors who are represented by that firm.

8.      Each of the Defendants identified on Exhibit 1 is, upon information and belief, represented by Baggett, McCall, Burgess, Watson & Gaughan.

9.      Each of the Defendants identified on Exhibit 2 is, upon information and belief, represented by Barton & Williams, P.A.

10.      Each of the Defendants identified on Exhibit 3 is, upon information and belief, represented by Belluck & Fox, LLP.

11.      Each of the Defendants identified on Exhibit 4 is, upon information and belief, represented by The Boechler Law Firm.

12.      Each of the Defendants identified on Exhibit 5 is, upon information and belief, represented by Brayton Purcell LLP.

13.      Each of the Defendants identified on Exhibit 6 is, upon information and belief, represented by Brown & Gould.

14.      Each of the Defendants identified on Exhibit 7 is, upon information and belief, represented by Cheryl L. White & Associates.

15.    Each of the Defendants identified on Exhibit 8 is, upon information and belief, represented by Cooney & Conway.

16.    Each of the Defendants identified on Exhibit 9 is, upon information and belief, represented by David C. Thompson.

17.    Each of the Defendants identified on Exhibit 10 is, upon information and belief, represented by David M. Lipman, P.A.

18.    Each of the Defendants identified on Exhibit 11 is, upon information and belief, represented by Ferraro & Associates, P.A.

19.    Each of the Defendants identified on Exhibit 12 is, upon information and belief, represented by Heard, Robins, Cloud & Lubel, LLP.

20.    Each of the Defendants identified on Exhibit 13 is, upon information and belief, represented by Hissey, Kientz & Herron, P.L.L.C.

21.    Each of the Defendants identified on Exhibit 14 is, upon information and belief, represented by Hobin, Shingler & Simon, LLP.

22.    Each of the Defendants identified on Exhibit 15 is, upon information and belief, represented by The Kaeske Law Firm.

23.    Each of the Defendants identified on Exhibit 16 is, upon information and belief, represented by Kelley & Ferraro, LLP.

24.    Each of the Defendants identified on Exhibit 17 is, upon information and belief, represented by Landye Bennett Blumstein LLP.

25.    Each of the Defendants identified on Exhibit 18 is, upon information and belief, represented by the Law Office of James Hession PLLC.

26.    Each of the Defendants identified on Exhibit 19 is, upon information and belief, represented by Levy, Phillips & Konigsberg.

27.    Each of the Defendants identified on Exhibit 20 is, upon information and belief, represented by Motley Rice LLC.

28.    Each of the Defendants identified on Exhibit 21 is, upon information and belief, represented by Mundy & Singley, LLP.

29.    Each of the Defendants identified on Exhibit 22 is, upon information and belief, represented by Munsch, Hardt, Kopf & Karr P.C.

30.    Each of the Defendants identified on Exhibit 23 is, upon information and belief, represented by Nix, Patterson & Roach, LLP.

31.    Each of the Defendants identified on Exhibit 24 is, upon information and belief, represented by Paul, Hanley & Harley LLP.

32.    Each of the Defendants identified on Exhibit 25 is, upon information and belief, represented by Porter & Malouf.

33.    Each of the Defendants identified on Exhibit 26 is, upon information and belief, represented by R.G. Taylor II, P.C.

34.    Each of the Defendants identified on Exhibit 27 is, upon information and belief, represented by Robert S. Fink, P.C.

35.    Each of the Defendants identified on Exhibit 28 is, upon information and belief, represented by Rose, Klein & Marias.

36.    Each of the Defendants identified on Exhibit 29 is, upon information and belief, represented by Sales Tillman Walbaum Catlett.

37.     Each of the Defendants identified on Exhibit 30 is, upon information and belief, represented by Scott & Scott, Ltd.

38.     Each of the Defendants identified on Exhibit 31 is, upon information and belief, represented by Shivers, Spielberg, Gosnay & Greatrex.

39.     Each of the Defendants identified on Exhibit 32 is, upon information and belief, represented by Sieben, Polk, Laverdiere & Dusich.

40.     Each of the Defendants identified on Exhibit 33 is, upon information and belief, represented by SimmonsCooper LLC.

41.     Each of the Defendants identified on Exhibit 34 is, upon information and belief, represented by The Wartnick Law Firm.

42.     Each of the Defendants identified on Exhibit 35 is, upon information and belief, represented by Weitz & Luxenberg, P.C.

43.     Each of the Defendants identified on Exhibit 36 is, upon information and belief, represented by Wilentz, Goldman & Spitzer, P.C.

44.     Each of the Defendants identified on Exhibit 37 is, upon information and belief, represented by Bilbrey & Hilla, P.C.

45.     Each of the Defendants identified on Exhibit 38 is, upon information and belief, represented by Lynch, Keefe & Bartels.

46.     Each of the Defendants identified on Exhibit 39 is, upon information and belief, represented by Hartley & O'Brien.

47.     Each of the Defendants identified on Exhibit 40 is, upon information and belief, not represented by counsel.

## **FACTUAL BACKGROUND**

48.    On December 31, 2003 (the "Petition Date"), Congoleum, Congoleum Sales, Inc.,

and Congoleum Fiscal, Inc. (collectively, the "Debtors") each filed voluntary petitions for relief

under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of New Jersey.  The Debtors continue to manage and operate their businesses as debtors-in-

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

49.    Prior to the Petition Date, Congoleum, along with many of its competitor sheet

vinyl and tile manufacturers, had become the subject of numerous claims by individuals asserting

bodily injury as a result of alleged exposure to asbestos-containing products.  Due to the

explosion of asbestos claims and litigation in recent years, and the increasing costs of settlement

and defense, certain sheet vinyl and tile manufacturers and many others in related industries,

including distributors and contractors similar to Congoleum, filed Chapter 11 proceedings in the

1990s.  As a result, starting in the late 1990s, Congoleum became an increasingly frequent

defendant in asbestos cases and with additional bankruptcy filings by primary defendants, the

number of known claimants with asbestos personal injury claims pending against Congoleum

doubled from 2000 to 2001, doubled again from 2001 to 2002, and nearly doubled in the first six

months of 2003.

50.    In January 2003, Congoleum commenced preliminary negotiations regarding the

terms of a pre-packaged plan of reorganization.  The negotiations focused first on the feasibility

of a possible plan of reorganization and the settlements required to position Congoleum to file

such a plan, and then on the terms of such a plan.  Congoleum necessarily dealt with Rice and

Weitz, who represented the largest number of identified asbestos personal injury claimants.

51.    In conjunction with the negotiations regarding the pre-packaged plan of reorganization, a global settlement was eventually negotiated that included a mechanism – the Collateral Trust – that purported to create a lien or security interest in favor of the Secured Asbestos Creditors, *inter alia*, in certain enumerated Congoleum insurance policy collateral (the "Asbestos Insurance Collateral").

52.    Congoleum, Rice and Weitz executed the Settlement Agreement Between Congoleum Corporation And Various Asbestos Claimants ("Claimant Agreement") on April 10, 2003.  Under the terms of the Claimant Agreement, the payment of settlement amounts to the Secured Asbestos Creditors purports to be partially secured by a security interest granted to the Collateral Trustee, as the trustee for the Collateral Trust, in the Asbestos Insurance Collateral. The security interest purportedly secures an amount equal to seventy-five percent of the aggregate of all of the amounts for which, *inter alia*, the claims of the Secured Asbestos Creditors are settled under the Claimant Agreement.

53.    The Claimant Agreement provides that: "Until all of the Secured Asbestos Claims for all Participating Asbestos Claimants are paid in full, Congoleum shall evaluate, bring, prosecute, litigate, defend and settle any claim against its insurers to obtain Insurance Proceeds."

54.    In Section IV of the Claimant Agreement captioned "Payment of Secured Asbestos Claims," the Collateral Trustee is to make payments to each Participating Asbestos Claimant in an amount up to the Secured Asbestos Claim.  With respect to the unsecured portion of each Participating Asbestos Claimants' Asbestos Claim, Congoleum was obligated to pay such unsecured amount if it did not commence a bankruptcy proceeding within twenty-four months of the Effective Date of the Claimant Agreement, which it did.

55.     Pursuant to a Security Agreement (as amended, the Superseding Security
Agreement), Congoleum purported to grant to the Collateral Trustee a security interest in the
Asbestos Insurance Collateral, which includes (i) all of Congoleum's claims, causes of action
and rights to receive payment from its insurers for its benefit to satisfy claims against it, net of
certain fees and expenses, and (ii) the proceeds of any of the above, net of certain fees and
expenses.  The Asbestos Insurance Collateral purportedly secures all of the Secured Asbestos
Claims (which include the claims of the Secured Asbestos Creditors).  On June 12, 2003, a
UCC-1 financing statement was filed in Delaware purporting to perfect the lien securing the
liabilities set forth in the Security Agreement.

56.     Under the terms of the Claimant Agreement, the amounts due to Qualified
Participating Claimants (as defined in the Plan), which include the Secured Asbestos Creditors,
were fixed by a compensable disease matrix attached to the Claimant Agreement.  Each
Qualified Participating Claimant purportedly provided evidence of his or her bodily injury,
sickness or disease and a verification that such Qualified Participating Claimant was exposed to
asbestos or an asbestos-containing product for which Congoleum may have liability.  In addition,
each Qualified Participating Claimant submitted a release in a form acceptable to Congoleum.
The Claims Reviewer reviewed such documentation submitted by each potential Qualified
Participating Claimant in order to ensure its completeness and adequacy.  If the documentation
was incomplete or inadequate, the Claims Reviewer (as defined in the Plan) informed the
claimant's counsel and such potential Qualified Participating Claimant had the opportunity to
remedy the deficiency within the timeframe provided in the Claimant Agreement.  If the
Qualified Participating Claimant failed to remedy the deficiency, the claim was rejected.  If the
documentation was complete and adequate, the Claims Reviewer approved the claim and

10

forwarded such claim for payment in accordance with the Claimant Agreement.  Upon

information and belief, both during the period on or within ninety (90) days before the Petition

Date (the "Preference Period") and after the Petition Date, the Claims Reviewer approved certain

of the claims of the Secured Asbestos Creditors.

57.    Pursuant to the Claimant Agreement, Congoleum also agreed to make payments

of $1,000,000 to each of Rice and Weitz to pay out-of-pocket expenses, reasonable

professionals' costs and expenses, and other costs such counsel incurred in connection with (i)

the negotiation and implementation of the Claimant Agreement, including for the fees of the

professionals retained by Rice and Weitz, (ii) the negotiation of the pre-packaged chapter 11 plan

of reorganization for Congoleum, (iii) due diligence investigations related to a possible chapter

11 plan of reorganization; and (iv) defending the Claimant Agreement.  The Debtors authorized

and paid Rice and/or Motley Rice the sum of $1,000,000, and also paid Weitz and/or Weitz &

Luxenberg the sum of $1,000,000.  Outside of the Preference Period, the Debtors issued payment

of $500,000 of these amounts to each of (a) Rice and/or Motley Rice, and (b) Weitz and/or Weitz

& Luxenberg.  During the Preference Period, the Debtors issued payment of the remaining

$500,000 of these amounts to each of (a) Rice and/or Motley Rice, and (b) Weitz and/or Weitz &

Luxenberg.

### COUNT I—TO AVOID PREFERENTIAL TRANSFERS
### TO CERTAIN OF THE SECURED ASBESTOS CREDITORS
### PURSUANT TO 11 U.S.C. § 547(b)

58.    Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 57, inclusive, as if fully set forth herein.

500010931v4

59.    Sections 547(b) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of a debtor in property if the transfer is shown to have constituted a "preference" as defined in the statute.

60.    Pursuant to section 547(b) of the Bankruptcy Code, the Debtors may avoid any transfer of an interest of the Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Debtors before such transfer was made, (c) made while the Debtors were insolvent or are presumed to have been insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

61.    Upon information and belief, during the Preference Period, the Claims Reviewer approved the claims of certain of the Secured Asbestos Creditors under the Claimant Agreement (the "Pre-Petition Qualified Claims"), thereby granting each of these Secured Asbestos Creditors with Pre-Petition Qualified Claims allegedly perfected security interests (the "Interests") in the Asbestos Insurance Collateral.  This transfer was to the benefit of these certain Secured Asbestos Creditors.

62.    These certain Secured Asbestos Creditors were creditors of the Debtors at the time the Interests were granted.

63.    The Interests were granted on account of an antecedent debt or debts owed by the Debtors to or for the benefit of these certain Secured Asbestos Creditors before each of the Interests was granted.

64.    The Debtors were insolvent or are presumed to have been insolvent at the time each of the Interests was granted.

12

65. The granting of the Interests enabled these certain Secured Asbestos Creditors to receive more than they would have received if (a) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Interests had not been granted, and (c) these certain Secured Asbestos Creditors had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

66. By reason of the foregoing, each of these Interests should be avoided and set aside as preferential.

## COUNT II--TO AVOID TRANSFERS
## TO CERTAIN OF THE SECURED ASBESTOS CREDITORS
## PURSUANT TO 11 U.S.C. § 549(a)

67. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. Pursuant to section 549(a) of the Bankruptcy Code, the Debtors may avoid any transfer of property of the estate that occurs after the commencement of the case (1) that is authorized only under sections 303(f) or 542(c) of title 11, or (2) that is not authorized under title 11 or by the Court.

69. Upon information and belief, after the Petition Date, the Claims Reviewer approved the claims of certain of the Secured Asbestos Creditors under the Claimant Agreement (the "Post-Petition Qualified Claims"), thereby granting each of these Secured Asbestos Creditors with Post-Petition Qualified Claims allegedly perfected Interests in the Asbestos Insurance Collateral.

70. The granting of these Interests was not authorized under sections 303(f) or 542(c) of title 11.

71. The granting of these Interests was not otherwise authorized by the Court.

13

500010931v4

72.     By reason of the foregoing, each of these Interests should be avoided and set aside.

## COUNT III – TO AVOID INTERESTS OF THE SECURED ASBESTOS CREDITORS AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

73.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 72, inclusive, as if fully set forth herein.

74.     Each of the Interests granted to the Secured Asbestos Creditors is avoidable under Bankruptcy Code § 548 because: (a) such transfers were transfers of an interest of the Debtors in property; (b) such transfers were made on or within one year before the Petition Date; (c) on information and belief, the Debtors voluntarily or involuntarily received less than a reasonably equivalent value in exchange for one or more or all of such transfers; and (d) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

## COUNT IV – TO AVOID INTERESTS OF THE SECURED ASBESTOS CREDITORS AS FRAUDULENT TRANSFERS PURSUANT TO APPLICABLE STATE LAW

75.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 74, inclusive, as if fully set forth herein.

76.     Each of the Interests granted to the Secured Asbestos Creditors is avoidable under applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act because: (a) such transfers were transfers of an interest of the Debtors in property; (b) on information and belief, the Debtors made such transfers without receiving a reasonably equivalent value in exchange for one or more or all of such transfers; and (c) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

## COUNT V – TO DISALLOW CLAIMS OF THE
## SECURED ASBESTOS CREDITORS PURSUANT TO 11 U.S.C. § 502(d)

77.     Plaintiffs reallege and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 76, inclusive, as if fully set forth herein.

78.     The Secured Asbestos Creditors were the initial transferee of the Interests or the

immediate or mediate transferee of such initial transferee or the persons for whose benefit the

transfer of the Interests was made.

79.     Pursuant to Bankruptcy Code § 502(d), any claims of the Secured Asbestos

Creditors against the Debtors must be disallowed to the extent the Interests are avoidable under

Bankruptcy Code § 544(a)(1), UCC § 9-109(d)(8), and other applicable law.

## COUNT VI—TO AVOID INTERESTS OF THE SECURED ASBESTOS CREDITORS

80.     Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 79, inclusive, as if fully set forth herein.

81.     Bankruptcy Code § 544(a) provides that:

The [debtor-in-possession] shall have, as of the commencement of the case, and
without regard to any knowledge of the trustee or of any creditor, the rights and
powers of, or may avoid any transfer of property of the debtor or any obligation
incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the
commencement of the case, and that obtains, at such time and with respect
to such credit, a judicial lien on all property on which a creditor on a
simple contract could have obtained such a judicial lien, whether or not
such a creditor exists  . . ..

82.     Pursuant to applicable law, the Secured Asbestos Creditors and the Collateral

Trustee (as the holder of the Collateral Trust's interest in the collateral securing the claims of the

Secured Asbestos Creditors) do not have either (i) fully completed, choate assignments of

Congoleum's insurance proceeds, or (ii) perfected security interests in the Asbestos Insurance

Collateral.

500010931v4

83.     Plaintiff is deemed to have a lien on all property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code § 544(a)(1).

84.     The Asbestos Insurance Collateral is property of the Plaintiff's bankruptcy estate.

85.     Plaintiff's hypothetical lien in the Asbestos Insurance Collateral under Bankruptcy Code § 544(a)(1) is superior to any unperfected lien.  The purported liens and Interests (as defined herein) held by the Secured Asbestos Creditors and the Collateral Trustee were unperfected on the Petition Date.

86.     Plaintiff has title to the Asbestos Insurance Collateral that is superior to the Secured Asbestos Creditors or the Collateral Trustee.  Pursuant to Bankruptcy Code § 544(a)(1), UCC § 9-109(d)(8), and other applicable law, Plaintiff is entitled to avoidance of any interest the Secured Asbestos Creditors or the Collateral Trustee may have in the Asbestos Insurance Collateral.

### COUNT VII – TO AVOID PREFERENTIAL TRANSFERS TO RICE AND/OR MOTLEY RICE PURSUANT TO 11 U.S.C. § 547(b)

87.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 86, inclusive, as if fully set forth herein.

88.     During the Preference Period, the Debtors made one or more transfers of their property (the "Preference Period Fee Transfers") totaling not less than $500,000 to or for the benefit of Rice and/or Motley Rice.

89.     Rice and/or Motley Rice was a creditor of the Debtors at the time of each of the Preference Period Fee Transfers.

90.     Each of the Preference Period Fee Transfers was made on account of an antecedent debt or debts owed by one of the Debtors to or for the benefit of Rice and/or Motley Rice before each of the Preference Period Fee Transfers was made.

500010931v4

91.    The Debtors were insolvent or are presumed to have been insolvent at the time of each of the Preference Period Fee Transfers.

92.    The Preference Period Fee Transfers enabled Rice and/or Motley Rice to receive more than he or it would have received if (a) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Preference Period Fee Transfers had not been made, and (c) Rice and/or Motley Rice had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

93.    By reason of the foregoing, the Preference Period Fee Transfers to Rice and/or Motley Rice should be avoided and set aside as preferential.

### COUNT VIII – TO AVOID PRIOR FEE TRANSFERS AND PREFERENCE PERIOD FEE TRANSFERS TO RICE AND/OR MOTLEY RICE AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

94.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 93, inclusive, as if fully set forth herein.

95.    Outside of the Preference Period, the Debtors made one or more transfers of their property (the "Prior Fee Transfers") totaling not less than $500,000 to or for the benefit of Rice and/or Motley Rice.  These Prior Fee Transfers were made in addition to the Preference Period Fee Transfers.

96.    Each of the Prior Fee Transfers and the Preference Period Fee Transfers is avoidable under Bankruptcy Code § 548 because: (a) such transfers were transfers of an interest of the Debtors in property; (b) such transfers were made on or within one year before the Petition Date; (c) the Debtors voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfers; and (d) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

500010931v4

## COUNT IX – TO AVOID PRIOR FEE TRANSFERS AND PREFERENCE PERIOD FEE TRANSFERS TO RICE AND/OR MOTLEY RICE AS FRAUDULENT TRANSFERS PURSUANT TO APPLICABLE STATE LAW

97.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 96, inclusive, as if fully set forth herein.

98.     Each of the Prior Fee Transfers and the Preference Period Fee Transfers to Rice and/or Motley Rice is avoidable under applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act because: (a) such transfers were transfers of an interest of the Debtors in property; (b) the Debtors made such transfers without receiving a reasonably equivalent value in exchange for the transfers; and (c) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

## COUNT X – TO RECOVER FRAUDULENT AND PREFERENTIAL TRANSFERS TO RICE AND/OR MOTLEY RICE PURSUANT TO 11 U.S.C. § 550

99.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 98, inclusive, as if fully set forth herein.

100.     Rice and/or Motley Rice was the initial transferee of the Prior Fee Transfers and the Preference Period Fee Transfers or the immediate or mediate transferee of such initial transferee or the person or entity for whose benefit the Prior Fee Transfers and the Preference Period Fee Transfers were made.

101.     The Debtors are entitled to recover from Rice and/or Motley Rice the aggregate sum of the Prior Fee Transfers and the Preference Period Fee Transfers to Rice and/or Motley Rice plus interest thereon from the date of demand to the date of payment and the costs of this action to the extent permitted.

## COUNT XI – TO DISALLOW CLAIMS OF RICE AND/OR
## MOTLEY RICE PURSUANT TO 11 U.S.C. § 502(d)

102.    Plaintiffs reallege and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 101, inclusive, as if fully set forth herein.

103.    Rice and/or Motley Rice was the initial transferee of the Prior Fee Transfers and

the Preference Period Fee Transfers or the immediate or mediate transferee of such initial

transferee or the person for whose benefit the Prior Fee Transfers and the Preference Period Fee

Transfers were made.

104.    Pursuant to Bankruptcy Code § 502(d), any claims of Rice and/or Motley Rice

against the Debtors must be disallowed until such time as Rice and/or Motley Rice pays to the

Debtors an amount equal to the aggregate amount of all the Prior Fee Transfers and the

Preference Period Fee Transfers, plus interest thereon and costs.

## COUNT XII – TO AVOID PREFERENTIAL TRANSFERS
## TO WEITZ AND/OR WEITZ & LUXENBERG PURSUANT TO 11 U.S.C. § 547(b)

105.    Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 104, inclusive, as if fully set forth herein.

106.    During the Preference Period, the Debtors made one or more Preference Period

Fee Transfers totaling not less than $500,000 to or for the benefit of Weitz and/or Weitz &

Luxenberg.

107.    Weitz and/or Weitz & Luxenberg was a creditor of the Debtors at the time of each

of the Preference Period Fee Transfers.

108.    Each of the Preference Period Fee Transfers was made on account of an

antecedent debt or debts owed by one of the Debtors to or for the benefit of Weitz and/or Weitz

& Luxenberg before each of the Preference Period Fee Transfers was made.

500010931v4

109.    The Debtors were insolvent or are presumed to have been insolvent at the time of each of the Preference Period Fee Transfers.

110.    The Preference Period Fee Transfers enabled Weitz and/or Weitz & Luxenberg to receive more than he or it would have received if (a) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Preference Period Fee Transfers had not been made, and (c) Weitz and/or Weitz & Luxenberg had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

111.    By reason of the foregoing, the Preference Period Fee Transfers to Weitz and/or Weitz & Luxenberg should be avoided and set aside as preferential.

**COUNT XIII – TO AVOID PRIOR FEE TRANSFERS AND
PREFERENCE PERIOD FEE TRANSFERS TO WEITZ AND/OR WEITZ &
LUXENBERG AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548**

112.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 111, inclusive, as if fully set forth herein.

113.    Outside of the Preference Period, the Debtors made one or more Prior Fee Transfers totaling not less than $500,000 to or for the benefit of Weitz and/or Weitz & Luxenberg.  These Prior Fee Transfers were made in addition to the Preference Period Fee Transfers.

114.    Each of the Prior Fee Transfers and the Preference Period Fee Transfers is avoidable under Bankruptcy Code § 548 because: (a) such transfers were transfers of an interest of the Debtors in property; (b) such transfers were made on or within one year before the Petition Date; (c) the Debtors voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfers; and (d) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

500010931v4

## COUNT XIV – TO AVOID PRIOR FEE TRANSFERS AND PREFERENCE PERIOD FEE TRANSFERS TO WEITZ AND/OR WEITZ & LUXENBERG AS FRAUDULENT TRANSFERS PURSUANT TO APPLICABLE STATE LAW

115.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 114, inclusive, as if fully set forth herein.

116.     Each of the Prior Fee Transfers and the Preference Period Fee Transfers to Weitz and/or Weitz & Luxenberg is avoidable under applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act because: (a) such transfers were transfers of an interest of the Debtors in property; (b) the Debtors made such transfers without receiving a reasonably equivalent value in exchange for the transfers; and (c) the Debtors were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers.

## COUNT XV – TO RECOVER FRAUDULENT AND PREFERENTIAL TRANSFERS TO WEITZ AND/OR WEITZ & LUXENBERG PURSUANT TO 11 U.S.C. § 550

117.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 116, inclusive, as if fully set forth herein.

118.     Weitz and/or Weitz & Luxenberg was the initial transferee of the Prior Fee Transfers and the Preference Period Fee Transfers or the immediate or mediate transferee of such initial transferee or the person or entity for whose benefit the Prior Fee Transfers and the Preference Period Fee Transfers were made.

119.     The Debtors are entitled to recover from Weitz and/or Weitz & Luxenberg the aggregate sum of the Prior Fee Transfers and the Preference Period Fee Transfers to Weitz and/or Weitz & Luxenberg plus interest thereon from the date of demand to the date of payment and the costs of this action to the extent permitted.

## COUNT XVI – TO DISALLOW CLAIMS OF WEITZ AND/OR
## WEITZ & LUXENBERG PURSUANT TO 11 U.S.C. § 502(d)

120.    Plaintiffs reallege and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 119, inclusive, as if fully set forth herein.

121.    Weitz and/or Weitz & Luxenberg was the initial transferee of the Prior Fee

Transfers and the Preference Period Fee Transfers or the immediate or mediate transferee of such

initial transferee or the person for whose benefit the Prior Fee Transfers and the Preference

Period Fee Transfers were made.

122.    Pursuant to Bankruptcy Code § 502(d), any claims of Weitz and/or Weitz &

Luxenberg against the Debtors must be disallowed until such time as Weitz and/or Weitz &

Luxenberg pays to the Debtors an amount equal to the aggregate amount of all the Prior Fee

Transfers and the Preference Period Fee Transfers, plus interest thereon and costs.

500010931v4

WHEREFORE, the Plaintiff prays the Court enter a judgment in favor of the Plaintiff against the Defendants as follows:

(a)    that the Interests granted to the Secured Asbestos Creditors during the Preference Period constitute voidable preferential transfers pursuant to 11 U.S.C. § 547(b);

(b)    that the Interests granted to the Secured Asbestos Creditors after the Petition Date constitute voidable transfers pursuant to 11 U.S.C. § 549(a);

(c)    that the Interests granted to the Secured Asbestos Creditors constitute voidable fraudulent transfers pursuant to 11 U.S.C. § 548;

(d)    that the Interests granted to the Secured Asbestos Creditors constitute voidable fraudulent transfers pursuant to applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act;

(e)    disallowing any claims of the Secured Asbestos Creditors against the Debtors to the extent the Interests are avoidable under Bankruptcy Code § 544(a)(1), pursuant to 11 U.S.C. § 502(d);

(f)    declaring that the Plaintiff's interests in the Asbestos Insurance Collateral described above is superior to all others, and that any interests the Secured Asbestos Creditors or the Collateral Trustee may have in the Asbestos Insurance Collateral are subordinate to the interests of the Plaintiff on behalf of the estate, pursuant to 11 U.S.C. § 544;

(g)    that the unperfected liens of the Secured Asbestos Creditors are avoided and preserved for the benefit of the Debtors' bankruptcy estates;

500010931v4

(h)    that the Preference Period Fee Transfers made to Rice and/or Motley Rice constitute voidable preferential transfers pursuant to 11 U.S.C. § 547(b);

(i)    that the Prior Fee Transfers and the Preference Period Fee Transfers made to Rice and/or Motley Rice constitute voidable fraudulent transfers pursuant to 11 U.S.C. § 548;

(j)    that the Prior Fee Transfers and the Preference Period Fee Transfers made to Rice and/or Motley Rice constitute voidable fraudulent transfers pursuant to applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act;

(k)    avoiding the Prior Fee Transfers and the Preference Period Fee Transfers to Rice and/or Motley Rice and directing and ordering that Rice and/or Motley Rice pay the Plaintiff, pursuant to 11 U.S.C. § 550(a), the full value of the Prior Fee Transfers and the Preference Period Fee Transfers made to Rice and/or Motley Rice, in the minimum amount of $1,000,000, plus interest thereon from and after the date of demand at the highest legally permissible rate;

(l)    disallowing any claim of Rice and/or Motley Rice against the Debtors with respect to the recovery of the Prior Fee Transfers and the Preference Period Fee Transfers Fee Transfers made to Rice and/or Motley Rice, pursuant to 11 U.S.C. § 502(d);

(m)    that the Preference Period Fee Transfers made to Weitz and/or Weitz & Luxenberg constitute voidable preferential transfers pursuant to 11 U.S.C. § 547(b);

(n)    that the Prior Fee Transfers and the Preference Period Fee Transfers made to Weitz and/or Weitz & Luxenberg constitute voidable fraudulent transfers pursuant to 11 U.S.C. § 548;

24

(o)    that the Prior Fee Transfers and the Preference Period Fee Transfers made to Weitz and/or Weitz & Luxenberg constitute voidable fraudulent transfers pursuant to applicable state law and applicable provisions of the Uniform Fraudulent Transfer Act;

(p)    avoiding the Prior Fee Transfers and the Preference Period Fee Transfers and directing and ordering that Weitz and/or Weitz & Luxenberg pay the Plaintiff, pursuant to 11 U.S.C. § 550(a), the full value of the Prior Fee Transfers and the Preference Period Fee Transfers made to Weitz and/or Weitz & Luxenberg, in the minimum amount of $1,000,000, plus interest thereon from and after the date of demand at the highest legally permissible rate;

(q)    disallowing any claim of Weitz and/or Weitz & Luxenberg against the Debtors with respect to the recovery of the Prior Fee Transfers and the Preference Period Fee Transfers Fee Transfers made to Weitz and/or Weitz & Luxenberg, pursuant to 11 U.S.C. § 502(d);

(r)    that this Court enter an order awarding Plaintiff its costs and attorney's fees expended in bringing this action; and

(s)    for such other and further relief as this Court deems just and proper.


Dated:  December 2, 2005                    Respectfully submitted,

                                            **OKIN, HOLLANDER & DeLUCA, L.L.P.**
                                            /s/ Gregory S. Kinoian_____
                                            One Parker Plaza
                                            Fort Lee, New Jersey 07024
                                            (201) 947-7500
                                            Paul S. Hollander (PH-2681)
                                            Gregory S. Kinoian (GK-7386)

                                            And

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1540 Broadway
New York, New York 10036
(212) 858-1000
(212) 858.1500 Fax
Richard L. Epling (*pro hac vice* admission)
Kerry A. Brennan (*pro hac vice* admission)

Attorneys for Congoleum Corporation, et al.,
Debtors and Debtors-in-Possession

500010931v4