# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>CONGOLEUM CORPORATION, *et al.*,<br><br>    Debtors and Debtors-in-Possession. | Chapter 11<br>Case No. 03-51524 (KCF)<br>Jointly Administered<br>Honorable Judge Kathryn C. Ferguson |
| CONGOLEUM CORPORATION, Debtor-in-Possession,<br><br>OFFICIAL COMMITTEE OF BONDHOLDERS OF CONGOLEUM CORPORATION, *et al.*, As A Representative of the Debtors-In-Possession,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARTHUR J. PERGAMENT, as the Collateral Trustee of the Collateral Trust, on behalf of Claimants Holding Claims in Class-2 – Secured Asbestos Claims of Qualified Pre-Petition Settlement Claimants and Class 3 – Secured Asbestos Claims of Qualified Participating Claimants, *et al.*<br>          Defendants. | Adv. Pro. No.  05-06245<br>Adv. Pro. No.  05-16461<br><br><br>**Hearing Date and Time:**<br>**January 6, 2009 at 2:30 p.m.**<br>**Objection Deadline:**<br>**December 30, 2008 at 5:00 p.m.** |

## JOINT MOTION FOR LEAVE
## TO FILE AMENDED COMPLAINTS

Plaintiff Congoleum Corporation ("Plaintiff," or "Congoleum," and with Congoleum

Sales, Inc. and Congoleum Fiscal, Inc., collectively, the "Debtors"), by its attorneys, Pillsbury

Winthrop Shaw Pittman LLP and Okin, Hollander & DeLuca, L.L.P., along with a

Representative of the Debtors-in-Possession, the Official Committee of Bondholders of

Congoleum Corporation, *et al.* (the "Bondholders' Committee," collectively with the Debtors,

the "Plaintiffs"), by its attorneys Akin Gump Strauss Hauer & Feld, LLP and Teich Groh, hereby

move (the "Joint Motion") for an order pursuant to Federal Rule of Civil Procedure 15(a), made

applicable to Avoidance Actions by Federal Rule of Bankruptcy Procedure 7015, granting

Plaintiffs leave to file a fourth amended complaint (the "Fourth Amended Complaint") in the

Omnibus Avoidance Action and a first amended complaint in the Sealed Avoidance Action (the

"First Amended Sealed Complaint") to add certain defendants who were inadvertently omitted

from the original complaints in those actions (collectively, the "Avoidance Actions") and to

amend the exhibits to those complaints to reflect current information as to law firms representing

claimants who were parties to individual Pre-Petition Settlement Agreements and the Claimant

Agreement.

During a reconciliation of exhibits containing law firm client lists to the complaint in

these proceedings, the Debtors were made aware that certain asbestos claimants represented by

David C. Thompson, P.C. (the "Thompson Firm") and by the Boechler Law Firm (the "Boechler

Firm") were not named as defendants in the original complaint filed on December 2, 2005 in this

Omnibus Avoidance Action or the original complaint in the Sealed Avoidance Action filed under

seal on December 29, 2005.  Plaintiffs seek to add such asbestos claimants as defendants in these

Avoidance Actions to ensure that every Pre-Petition Settled Claimant[1] is a party to these

proceedings so that the Debtors or other estate representatives may seek any available cause of

action against such Pre-Petition Settled Claimants that is in the best interest of the estate.

In support of this Joint Motion, Plaintiffs respectfully state as follows:

## **FACTUAL BACKGROUND**

1.      On December 2, 2005, Congoleum filed the original complaint initiating the

omnibus avoidance action (the "Omnibus Avoidance Action") Ch. 11 Case No. 03-51524, Adv.

No. 05-06245 (Bankr. D.N.J.).  On December 30, 2005, Congoleum filed its first amended

---

[1]  All capitalized terms, unless otherwise noted, shall have the meanings given to them in the Amended Joint Plan
dated November 14, 2008.

complaint (the "First Amended Complaint") (Adv. Pro. ECF No. 39). The First Amended

Complaint named as defendants (i) the Collateral Trustee on behalf of all of the secured

claimants in former Class 3, (ii) Joseph Rice and Perry Weitz, and (iii) each of the approximately

79,000 claimants who were parties to the Claimant Agreement. All of the defendants that the

Debtors believed to be represented by the Boechler Firm were identified on exhibit 4 to the First

Amended Complaint. Each of the defendants believed to be represented by the Thompson Firm

were identified on exhibit 9 to the First Amended Complaint. Copies of exhibits 4 and 9 to the

First Amended Complaint are attached hereto as Exhibit A.

> 2. Due to the extraordinarily large number of defendants in the Omnibus Avoidance

Action, the Debtors sought and received an Order Authorizing Notice Procedures for Individual

Asbestos Claimants (the "Notice Procedure Order") (Adv. Pro. ECF No. 40). Pursuant to the

Notice Procedures Order, this Court authorized the Debtors to serve the summons and complaint

upon defendants by serving counsel who currently represented the defendants rather than serving

each individual claimant, and each such counsel was specially appointed as agent for service of

process in the Omnibus Avoidance Action. Notice Procedures Order at 3.

> 3. The original complaint in the Omnibus Avoidance Action was served on the

Boechler and Thompson Firms on December 3, 2005 by first class mail as noted in the certificate

of service attached hereto as Exhibit B (Adv. Pro. ECF No. 3). The First Amended Complaint

was served on the Boechler and Thompson Firms on December 30, 2005 also by first class mail

as noted in the certificate of service attached hereto as Exhibit C (Adv. Pro. ECF No. 45).[2]

> 4. On December 28, 2005, the Bankruptcy Court approved a case management order

(Adv. Pro. ECF No. 38) which provided that the Omnibus Avoidance Action would be

---

[2] The Second Amended Complaint and the Third Amended Complaint were also served on the Boechler and Thompson Firms by first class mail on December 6, 2006 and September 4, 2007 respectively. *See* Adv. Pro. ECF Nos. 113 and 204.

administered in three separate stages.  The first stage focused on Counts I and II of the First

Amended Complaint regarding alleged preferential pre-petition and/or unauthorized post-petition

transfers of the Debtors' interest in property pursuant to sections 547 and 549 of the Bankruptcy

Code.  The second stage of the proceeding was designed to focus on (i) the avoidance and

recovery of certain fraudulent transfers of property pursuant to section 548 of the Bankruptcy

Code and (ii) the avoidance of liens and security interests purportedly granted by Congoleum to

the Collateral Trustee pursuant to section 544 of the Bankruptcy Code.  The third stage of the

proceeding was to focus on the avoidance and recovery of certain preferential and fraudulent

transfers of property made to (i) Joe Rice, (ii) Motley Rice, (iii) Perry Weitz and/or (iv) Weitz &

Luxenberg pursuant to sections 547, 548 and 550 of the Bankruptcy Code and applicable state

law, and any additional claims the Debtors might assert.

   5.  On December 30, 2005, the Debtor commenced the Sealed Avoidance Action by

filing under seal a Complaint to Avoid and Recover Fraudulent Transfers of Property.  The

Sealed Avoidance Action was commenced for the purpose of preserving the claims alleged

therein for the benefit of the Debtors' estates and the Plan Trustee.  The Sealed Avoidance

Action was filed under seal pursuant to the Bankruptcy Court's December 28, 2005 Stipulation

and Order Relating to Preservation of Certain Claims (Adv. Pro. ECF No. 37) and the complaint

in the Sealed Avoidance Action was not served in accordance with the Stipulation.  The

Stipulation and Order regarding the filing of the complaint in the Sealed Avoidance Action was

made publicly available on PACER.

   6.  In accordance with the December 28, 2005 case management order, on January 5,

2006, the Clerk of the Bankruptcy Court issued a Summons and Notice of Pretrial Conference in

an Avoidance Action upon each of the law firms identified as having clients who were parties to

the Claimant Agreement, including the Boechler and Thompson Firms.  Attached hereto as

Exhibit D are copies of the Summonses and Notices issued to the Boechler and Thompson Firms.

7.      After its filing, there were various proceedings in the Omnibus Avoidance Action.

On March 16, 2006, Congoleum filed a motion for summary judgment with respect to the issues

in Counts I and II of the First Amended Complaint (ECF Doc. No. 52).  On June 19, 2006, this

Court issued an opinion denying Congoleum's summary judgment motions (the "Preference

Opinion") (Adv. Pro. ECF. No. 102).  In its opinion, the Court held that the rights that the

Settling Claimants acquired in the Pre-Petition Settlement Agreements and the Claimant

Agreement could not be avoided as preferential or post-petition transfers under sections 547 and

549 of the Bankruptcy Code.

8.      On January 26, 2007, this Court issued its decision rejecting confirmation of the

Debtors' Tenth Modified Plan (the "Tenth Plan Opinion") (ECF Doc. No. 5091).  The Court held

that the classification schemes in the Tenth Modified Plan did not provide substantially similar

treatment for similarly situated asbestos claimants in violation of § 524(g) as applied by the

Third Circuit in *Combustion Engineering Inc.,* 391 F.3d 190 (3d Cir. 2004).  The Court held that

"confirmation of a plan that in any way recognizes [the Pre-Petition Settled Claimants'] pre-

petition security interests is not permissible."  Tenth Plan Opinion at 18, 25.  The Court also held

that, in order to achieve equality of distribution, all asbestos personal injury claims had to be

classified together in the same class.  *Id.* at 18 ("This separate classification" of the asbestos

claimants "renders the [Tenth Modified] Plan unconfirmable on its face.").

9.      Following the Tenth Plan Opinion, mediation was resumed in a further attempt to

achieve a consensual plan.  Simultaneously, Congoleum continued to prosecute the Omnibus

Avoidance Action.  The second stage of the proceeding was designed to focus on (i) the

avoidance and recovery of certain fraudulent transfers of property pursuant to § 548 of the

Bankruptcy Code and (ii) the avoidance of liens and security interests purportedly granted by

Congoleum in certain insurance proceeds pursuant to § 544 of the Bankruptcy Code.

10.     On May 18, 2007, the Superior Court of New Jersey, Middlesex County (the

"State Court") issued a decision in Phase 1 of the coverage action (the "Coverage Action

Decision").  *Congoleum Corp. v. Ace American Ins. Co.*, No. MID-L-8908-01 (N.J. Super. Ct.

Law Div. May 18, 2007).  After extensive pre-trial proceedings, trial and post trial briefings, the

State Court concluded (i) that the Claimant Agreement was an unreasonable agreement on

multiple grounds, (ii) that the defendant insurers' refusal to consent to the agreement was

reasonable, and (iii) that the defendant insurers have no obligation to provide insurance for the

settlement embodied in the Claimant Agreement.  Coverage Action Decision at 16.

11.     On June 7, 2007, the Debtors filed in the main bankruptcy case an Omnibus

Objection to Settled Asbestos Personal Injury Claims of All Qualified Pre-Petition Settlement

Claimants and All Qualified Participating Claimants (the "Omnibus Objection") (ECF Doc. No.

5563).  Pursuant to the Omnibus Objection, the Debtors sought an order:

> (i) determining as a result of Congoleum having fully performed the Pre-Petition
> Settlement Agreements, Claimant Agreements and other agreements on which the
> Prepackaged Plan was predicated and the Coverage Action Decision, the
> bankruptcy classification of all Settled Asbestos Personal Injury Claims of all of
> the Qualified Pre-Petition Settlement Claimants (Class 2) and all of the Qualified
> Participating Claimants (Class 3)...; (ii) or, in the alternative, rescinding the Pre-
> Petition Settlement Agreements, Claimant Agreement, Security Agreement and
> Collateral Trust Agreement, disallowing and expunging the claims without
> prejudice and restoring the parties thereto to status quo ante.

Omnibus Objection at 67.

12.     Although the Debtors filed the Omnibus Objection in the main bankruptcy case as

a contested motion, this Court held that such claims had be to addressed in the context of an

Avoidance Action because the "relief the Debtors are requesting is significant, and the Court

wants to ensure that any decision is rendered in the proper procedural framework." *See* July 27, 2007 Opinion on Omnibus Objection at 3 (ECF Doc. No. 5673).

13.     Also on July 27, 2007, the Bankruptcy Court issued an opinion with respect to stage two of the Omnibus Avoidance Action (the "Security Interest Opinion") (Adv. Pro. ECF No. 147).  In the Security Interest Opinion, the Court held that the security interest granted by Congoleum to the Collateral Trustee on behalf of the Pre-Petition Settled Claimants was avoidable pursuant to § 544 of the Bankruptcy Code.

14.     On August 1, 2007, the Debtors filed an application for entry of default judgment with respect to the Second Amended Complaint against a number of claimants, including those represented by the Boechler Firm and those represented by the Thompson Firm (Adv. Pro. ECF No. 148).  The application was based on failure to plead or otherwise defend, in spite of having been properly served.  On August 1, 2007, this Court entered default judgments against all listed defendants, including those represented by the Boechler and Thompson Firms, with respect to counts V and VI of the Second Amended Complaint.  (Adv. Pro. ECF No. 150).

15.     As a result of the Court's direction to file certain claims asserted in the context of an Avoidance Action, on September 4, 2007, the Debtors filed a Third Amended Complaint seeking, among other things, to rescind the Claimant Agreement, the Pre-Petition Settlement Agreements, the Collateral Trust Agreement and the Security Agreement.  On October 12, 2007, the Debtors filed a motion for summary judgment with respect to counts XVII, XVIII, XIX and XX of the Third Amended Complaint.  On December 28, 2007, this Court ordered summary judgment in favor of the defendants on such counts (ECF Doc. No. 258).  An appeal of such decision has been filed but is presently stayed.

16.     On October 9, 2007, the Debtors filed an application for entry of default judgment
with respect to the Third Amended Complaint against a number of claimants, including those
represented by the Boechler Law Firm and the. Thompson Firm (Adv. Pro. ECF No. 180).  On
October 19, 2007, the court entered default judgments against all listed defendants including
those represented by the Boechler and Thompson Firms, with respect to counts XVII and XVII
of the Third Amended Complaint[3] (Adv. Pro. ECF No. 196).

17.     On October 19, 2007, counsel to certain of the Pre-Petition Settled Claimants filed
their First Amended Answer and Counterclaims to the Debtors' Third Amended Complaint
("First Amended Answer and Counterclaims") (Adv. Pro. ECF No. 199).  The First Amended
Answer and Counterclaims alleged, among other things, breach of the pre-petition settlement
agreements.  *Id.* at ¶¶ 265-82.  The First Amended Answer and Counterclaims alleged that the
Pre-Petition Settled Claimants were entitled to an unsecured claim against the Debtor in the
amount of their individual settlements, and that such claim was a contract claim that should be
paid separately from the payment of unliquidated asbestos tort claims under any plan of
reorganization.  *Id.* at ¶ 270.  In the alternative, the Pre-Petition Settled Claimants alleged that if
their claims were not treated as contract claims, such claims should be recognized and treated as
a pre-petition liquidated claim in the settlement amount.  *Id.* at ¶ 271.  The parties have not yet
briefed the issues raised in the First Amended Answer and Counterclaims.

18.     On February 5, 2008, the Debtors and other parties filed their Joint Plan of
Reorganization Under Chapter 11 of the Bankruptcy Code of the Futures Representative, the
Debtors, the Official Asbestos Claimants' Committee and the Official Committee of

---

[3]   Certain defendant firms sought and received orders to vacate the default judgments.  Neither the Thompson Firm
      nor the Boechler Firm, however, moved to vacate such defaults.

Bondholders for Congoleum Corporation, et al., Dated as of February 5, 2008 (the "Joint Plan") (ECF Doc. No. 6166).

19.     On April 25, 2006, the Bankruptcy Court granted the Bondholder Committee's Motion to Intervene in the Omnibus Avoidance Action (Adv. Pro. ECF No. 77).

20.     On June 5, 2008, this Court issued its opinion resolving preliminary objections to the Joint Plan (the "Joint Plan Opinion") (ECF Doc. No. 6575), which objections the Court chose to consider as summary judgment motions.  In the Joint Plan Opinion, this Court stated that no differentiation, other than by disease level, was permissible among asbestos claimants.  Joint Plan Opinion at 5.

21.     As a result of a status conference held on July 14, 2008, a Case Management Order was entered by this Court on July 17, 2008 (the "July 17, 2008 Case Management Order") (ECF Doc. No. 6680), that provided, among other things, for the filing of amended complaints in the Avoidance Actions and the commencement of a new Avoidance Action.  Leave was granted on July 29, 2008 to file a Fourth Amended Complaint in the Omnibus Avoidance Action.

22.     Also on July 17, 2008, the Court approved a certain Stipulation and Order Regarding Assignment of Causes of Action in the Avoidance Actions to the Bondholders' Committee pursuant to which Congoleum granted and assigned to the Bondholders' Committee "standing and authority to investigate and prosecute any causes of action held by the Debtors or the Debtors' estates with the full rights and privileges, and instead of, the Debtors, with respect to any Assigned Omnibus Avoidance Action Claims…." (Adv. Pro. ECF No. 323).

23.     Following extensive mediation and settlement discussions, on August 4, 2008, Congoleum, along with certain of its creditor constituencies, the Bondholders' Committee, Asbestos Claimants' Committee ("ACC") and Futures Representative ("FCR") reached an

500291299v9

agreement in principle on certain material terms of a plan of reorganization and a settlement of

the estate's claims in the Avoidance Actions (the "Global Settlement").  The material terms of

the Global Settlement were set forth in a term sheet publicly filed with the New Jersey

Bankruptcy Court on August 14, 2008.  As a result of the Global Settlement, the prior fourth

amended complaint approved by this Court was not filed.  This Court determined that the

deadlines set forth in the July 17, 2008 Case Management Order were suspended.

24.     Subsequently, the parties to the Global Settlement negotiated a litigation

settlement agreement compromising Congoleum's avoidance actions against asbestos claimants

who were parties to certain individual pre-petition asbestos settlements or the Claimant

Agreement ("Pre-Petition Asbestos Claimants") as well as resolving claims with Claimants'

Counsel, Joseph Rice and Perry Weitz (the "Litigation Settlement Agreement").  Pursuant to the

Litigation Settlement Agreement, asbestos claimants who were parties to the Pre-Petition

Settlement Agreements or Claimant Agreement with Congoleum will relinquish any and all

rights under such agreements in exchange for having their underlying asbestos claims restored to

*status quo ante* as they existed at the time such claimants initially filed or submitted their

asbestos claims against the Debtors.

25.     On October 14, 2008, certain asbestos claimants represented by the Boechler Firm

and by the Thompson Firm filed an objection to the Litigation Settlement Agreement (ECF Doc.

No. 6914, Adv. Pro. ECF No. 342) stating, among other things, that certain of their clients who

had been identified on the exhibit lists to the Litigation Settlement Agreement were not parties to

the Avoidance Actions.  As of October 18, 2008, 79 claimant law firms, representing 87% of the

Pre-Petition Asbestos Claimants, executed the Litigation Settlement Agreement.  Following a

hearing on October 18, 2008, the Bankruptcy Court approved the Litigation Settlement Agreement.

26.     On November 14, 2008, the Debtors, the ACC, and the Bondholders' Committee together filed an Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated as of November 14, 2008 (the "Amended Plan") along with a related disclosure statement and a disclosure statement hearing was scheduled for December 18, 2008.  The Amended Plan provides for all asbestos claimants to receive the same treatment in Class 7 and specifically any asbestos claimants who were parties to the Pre-Petition Settlement Agreements or Claimant Agreement will be required to apply anew to the Plan Trust in accordance with the Trust Distribution Procedures.

## THE PROPOSED FOURTH AMENDED COMPLAINT

27.     The Debtors and Bondholders' Committee propose to amend the existing complaints in the Avoidance Actions to add certain defendants who had previously been inadvertently left off the Exhibit Lists, and to update the Exhibits Lists to reflect the current law firms which represent claimants.  No new causes of action have been added to the amended complaints sought to be filed and served.

28.     The Debtors seek to add as additional defendants the following fourteen claimants, including two claimants represented by the Boechler Firm and twelve claimants represented by the Thompson Firm:

### Boechler Firm Clients

Robert Bachmann
Richard McGough

### Thompson Firm Clients

Robert Carufel
Arne Christianson

11

> Andrew Dietz
> William Ereth
> Glen Griffin
> Margaret Loberg
> James T. Schedel
> Myrna Starr
> Richard Zachmeier
> Olivia Mae Jetty
> Harold Palmer
> Fred W. Smith

(collectively, the "Additional Claimants").

29.     Although the Additional Claimants had not been included in the exhibit lists to the original complaints in the Avoidance Actions, they were sent solicitation packages on the Joint Plan (and prior plans) which contained Disclosure Statements describing the bankruptcy proceedings and the Avoidance Actions, as well as the proposed plan.  With respect to the Joint Plan, each of the Additional Claimants who voted on Joint Plan -- which provided that the settlements under the Claimant Agreement would be relinquished, the underlying claims would be restored to status quo ante at the time the claim was submitted to Congoleum and such claimants provided an opportunity to resubmit their claims to the Plan trust under the Trust Distribution Procedures -- voted in **_favor_** of the Joint Plan.  Copies of such ballots -- with social security numbers redacted -- are attached to the Declaration of Kerry A. Brennan (the "Brennan Dec.") at Exhibit C.

30.     As part of the proposed Fourth Amended Complaint, the Plaintiffs also seek to update the exhibit lists to include new law firms representing clients that were previously listed as being represented by other firms.  For example, Munsch Hardt Kopf & Harr PC (New Exhibit 55) was not listed in the prior complaints, but now such firm represents numerous asbestos creditors that were previously named in the prior complaints as having been represented by the Pritchard Law Firm PLLC or other firms.  There are an additional six firms that were not

500291299v9

previously listed in the prior complaints, those being Gori Julian & Associates PC (New Exhibit 82), the Law Office of John C. Dearie (New Exhibit 39), the Locks Law Firm (New Exhibit 46), Ryan A. Foster & Associates PLLC (New Exhibit 67), the Shepard Law Firm PC (New Exhibit 80), and the Ward Black Law Firm (New Exhibit 86), and similarly their respective clients were named as having been represented by other counsel in the prior complaints.  Additionally, the prior complaints listed a total of five asbestos creditors that were not represented by an attorney. We have since learned that these pro se creditors have retained counsel and their names have been added to the appropriate firm lists.

31.    In the event that the Amended Plan, which incorporates the Litigation Settlement Agreement, is confirmed by this Court, it is anticipated that Avoidance Actions would be dismissed because all asbestos claimants, including the Pre-Petition Settled Claimants, will be required to apply for any recovery to the Plan Trust in accordance with the Trust Distribution Procedures.  As a precaution, the Plaintiffs are seeking to add these additional defendants to the Avoidance Actions in the event that further litigation of the Avoidance Actions becomes necessary.  No further causes of action are being added at this time, and specifically, the Plaintiffs are not seeking to add the causes of action that were brought before this court in July 2008.  However, the Plaintiffs reserve their right to further amend the complaint in the Avoidance Actions to include certain additional causes of action if the Amended Plan is not confirmed by this Court or should it prove necessary or prudent to do so.

32.    A "redline" copy of the Fourth Amended Complaint for which Plaintiffs now seek leave to file in the Omnibus Avoidance Action is attached to the Brennan Dec. as Exhibit A and all of the updated exhibit lists are attached as Exhibit B.  Because the Sealed Avoidance Action remains under seal, a revised complaint is not provided.  However, the only changes being made

13

to the Sealed Avoidance Action are to the exhibit lists, which such exhibit lists are the same as

the updated exhibit lists to the Omnibus Avoidance Action (attached to the Brennan Dec. as

Exhibit B).  The attached redline of the complaint in the Omnibus Avoidance Action compares

the differences between the Third Amended Complaint and the Fourth Amended Complaint that

Plaintiffs propose to file.

## ARGUMENT

### A.   THE COURT SHOULD GRANT THE PLAINTIFFS LEAVE TO FILE THE FOURTH AMENDED COMPLAINT

33.     By this Joint Motion, Plaintiffs request that this Court grant leave to file the

Fourth Amended Complaint and that such amendment should relate back to the filing of the

original complaint.  The Supreme Court has stated that, while leave to amend under Rule 15 is

not unbounded, leave should be denied only in certain exceptional circumstances, such as undue

delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of

amendment.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The Third Circuit has "shown a strong

liberality in allowing amendments under Rule 15(a)."  *Bechtel v. Robinson,* 886 F.2d 644, 652

(3d Cir. 1989); *Miller v. Beneficial Management Corp.,* 844 F. Supp. 990, 998 (D. N.J. 1993).

34.     The Third Circuit has interpreted the factors listed in *Foman* "to emphasize that

'prejudice to the non-moving party' is the touchstone for the denial of amendment."  *Bechtel,*

886 F.2d at 652; *see also Dole v. Arco Chemical Co.,* 921 F.2d 484, 488 (3d Cir. 1990).

Moreover, "the non-moving party must do more than merely claim prejudice; it must show that it

[would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence

which it would have offered had the amendments been timely."  *Bechtel,* 886 F.2d at 652; *see

also Dole,* 921 F.2d at 488.

35.     In this case, the Additional Claimants will not be unduly prejudiced by their

addition to the Fourth Amended Complaint in the Omnibus Avoidance Action.  First, the

Additional Claimants were represented by the Boechler Firm and/or the Thompson Firm at the

time of their participation in the Claimant Agreement in April 2003 and aware of Congoleum's

pre-packaged reorganization.  As reflected in the exhibits 4 and 9 to the original complaint

attached hereto as Exhibit A, both Boechler and Thompson had clients who were properly named

as defendants in the original complaints.  Both Boechler and Thompson received service of the

original complaint and each successive amended complaint, as well as all other papers in the

Avoidance Actions.  Neither Boechler nor Thompson, however, made any attempt to be involved

in the Omnibus Avoidance Action.  Neither Firm ever answered any of the complaints, entered

an appearance or otherwise made any filing.  Indeed, this Court has entered two separate Entries

of Default against both the Boechler Firm and Thompson Firm with respect to the Second and

Third Amended Complaints.  *See* Adv. Pro. ECF Nos. 149 and 193.  There is no reason to

believe that the Boechler Firm or Thompson Firm would have proceeded any differently had the

Additional Claimants been named originally.  Thus, it cannot be said that the Additional

Claimants have been unfairly disadvantaged or deprived of the opportunity to present facts or

evidence which they would have offered had they been named originally.

36.     Second, the Debtors have been unsuccessful on every count that has been litigated

in the Omnibus Avoidance Action except for the Court's Security Interest Opinion.  The security

interest that was avoided by this Court pursuant to section 544 of the Bankruptcy Code was

granted to *the Collateral Trustee* and not to the individual named defendants.  Although the

individual claimants were beneficiaries of that security interest, they were not the actual grantees

of that security.  Thus, when the Court avoided the security interest granted to the Collateral

Trustee, all of the beneficiaries of that security interest—including the Additional Claimants—became unsecured claimants. Moreover, as this Court is aware, the litigation concerning the avoidance of the security interest was highly contested. Counsel representing many of the defendants in this case presented a vigorous case in support of the defendants' position. Neither the Thompson Firm nor the Boechler Firm participated in that litigation. It cannot be said that either the Thompson Firm or the Boechler Firm would have affected the outcome of the Court's decision had they decided to participate on behalf of their clients.

37.    Third, each of the rulings in the Omnibus Adversary Proceeding—including the Security Interest Opinion—are currently up on appeal and have been stayed. To the extent that they want to participate, the Thompson and Boechler Firms may present their cases at the appellate level. In addition, the Debtors have not yet prosecuted claims with respect to individual claims. The Thompson and Boechler Firms would be able to defend against any such claims if they are pursued.

38.    Last, although the Thompson Firm lodged an Objection to the Litigation Settlement, there is reason to believe that the Additional Claimants actually support the compromise embodied in the Litigation Settlement. Each of the Additional Claimants who voted on the Joint Plan voted in favor of it. As this Court knows, the Joint Plan provided that the settlements under the Claimant Agreement would be relinquished, the underlying claims would be restored to the status quo ante at the time the original claim was submitted to Congoleum, and such claimants instead would re-submit their claims to the Plan Trust be processed according to the Trust Distribution Procedures. Accordingly, the Additional Claimants will not be prejudiced if they are joined in the Omnibus Avoidance Action because they have already agreed in effect,

16

to be treated in the same manner as the other asbestos claimants who had been parties to the

Claimant Agreement.

39.    With respect to the Sealed Avoidance Action, the complaint has not yet been

served in accordance with the December 28, 2005 Stipulation and Order Relating to Preservation

of Certain Claims (Adv. Pro. ECF No. 37).  Thus, the Additional Claimants would not be

prejudiced by their addition to the Sealed Avoidance Action.

40.    For each of these aforementioned reasons, justice requires that leave to amend the

complaint should be granted.

**B.    THE PROPOSED AMENDMENTS SHOULD RELATE BACK TO THE
FILING OF THE ORIGINAL COMPLAINT**

41.    Rule 15(c)(3) specifically provides for the "relation back" of amended complaints

that add or change parties if certain conditions are met, in which case the amended complaint is

treated for statute of limitations purposes, as if it had been filed at the time of the original

complaint.  Fed. R. Civ. Pro. 15(c)(3); *Singletary v. Pa. Dept. of Corr.,* 266 F.3d 186, 189 (3d

Cir. 2001).  An amendment seeking to add a party to the complaint will relate back to the filing

of the original complaint if the following requirements are met:  (1) the claims in the amended

complaint must arise out of the same occurrences set forth in the original complaint, (2) the party

to be brought in by amendment must have received notice of the action within 120 days of its

institution, and (3) the party to be brought in by amendment must have known, or should have

known, that the action would have been brought against the party but for a mistake concerning

its identity.  Fed. R. Civ. Pro. 15(c)(3); *Arthur v. Maersk,* 434 F.3d at 203.  Each of the

aforementioned factors have been met in this case.  The Plaintiffs request, therefore, that the

addition of the Additional Claimants to the Avoidance Actions should relate back to the filing of

the original complaints.

   1.  *The Amendments Arise Out of the Same Occurrences Set Forth in the Original Complaint*

  42.  The first requirement of Rule 15(c)(3) has been met.  The Additional Claimants are members of the same class of defendants who were named in the original compliant.  They are former Class 3 Claimants who were parties to the Claimant Agreement.  Rule 15(c)(3) is satisfied because the transactions and occurrences giving rise to the claims against the Additional Claimants are identical to those set forth in the original compliant.

   2.  *The Additional Claimants Received Notice of the Original Complaint within the Time Required by Statute*

  43.  The second condition of Rule 15(c), found in Rule 15(c)(3)(A), requires that the party to be brought in by amendment must have received notice of the institution of the action within 120 days and that the party will not be prejudiced in maintaining a defense on the merits.  Fed. R. Civ. P. 15(c)(3)(A).  As stated by the Third Circuit in *Singletary,* "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means."  *Singletary,* 266 F.3d at 195.  Notice to the newly-named defendants may either be actual or constructive.  *Id.; see also Garvin v. City of Philadelphia,* 354 F.3d 215, 222-23 (3d Cir. 2003).

  44.  The *Singletary* court described two methods from which a newly-named defendant may receive constructive notice:  (1) the "shared attorney" method, where the newly named defendant and an originally named party are represented by the same counsel; and (2) the "identify of interest" method, where the newly-named defendant enjoys some relationship with an originally named defendant.  *Id.* at 196-200; *see also Garvin,* 354 F.3d at 222-23.

  45.  The "shared attorney" method of imputing Rule 15(c)(3) notice "is based on the notion that, when an originally named party and the party who is sought to be added are

represented by the same attorney, the attorney is likely to have communicated to the latter party

that he may very well be joined in the action." *Singletary,* 266 F.3d at 196; *Garvin,* 354 F.3d at

223.

46.    In this case, the Additional Claimants shared the same attorney as certain other

defendants named in the original complaint.  Exhibit 4 to the original complaint listed a total of

five defendants who were represented by the Boechler Firm.  The original complaint was served

on the Boechler Firm on December 3, 2005 by first class mail as noted in the certificate of

service attached as Exhibit A (Adv. Pro. ECF No. 3)—well within the 120 day period proscribed

by the statute.  Thus, notice was properly given within the meaning of Rule 15(c)(3) to each of

the Additional Claimants who are represented by the Boechler Firm.

47.    Exhibit 9 to the original complaint identified one defendant who was represented

by the Thompson Firm.  The original complaint was served on the Thompson Firm on December

3, 2005 by first class mail as noted in the certificate of service attached as Exhibit A (Adv. Pro.

ECF No. 3)—also well within the 120 day period proscribed by the statute.  Thus, notice was

properly given within the meaning of Rule 15(c)(3) to each of the Additional Claimants who are

represented by the Thompson Firm.[4]

48.    In addition to the "shared attorney" method of constructive notice that has been

specifically endorsed by the Third Circuit, in this case the Court ordered that, with respect to the

Omnibus Avoidance Action, notice to counsel would constitute notice to the individual

defendants.  *See* Notice Procedures Order at 3-4.  Accordingly, for each of the reasons set forth

---

[4]    In addition to the original complaint, the First Amended Complaint, Second Amended Complaint, and
Third Amended Complaint in the Omnibus Avoidance Action were also served on the Boechler Firm and the
Thompson Firm.  *See* Certificates of Service (ECF Doc. Nos. 45, 113, 204).  Pursuant to the December 28, 2005
Stipulation and Order Relating to the Preservation of Certain Claims, the complaint in the Sealed Avoidance Action
was not served on any of the defendants.  Neither the Boechler Firm nor the Thompson firm ever answered any of
the complaints or otherwise made any filing.

herein, the second requirement of Rule 15(c)(3) also has been satisfied with respect to each of

the Additional Claimants.

> 3. *The Boechler and Thompson Firms Should Have Known that But For a Mistake, the Additional Claimants Would Have Been Named in the Omnibus Avoidance Action*

49.     The third condition is that the newly named party must have known, or should

have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff

concerning the newly named party's identity, "the action would have been brought against" the

newly named party in the first place. Fed. R. Civ. P. 15(c)(3)(B). A "mistake" can result from

misidentification or lack of knowledge, and occurs when an error "render[s] the plaintiff unable

to identify the potentially liable party and unable to name that party in the original complaint."

*See Arthur v. Maersk,* 434 F.3d at 208.

50.     In this case, it was apparent that the Debtors intended to sue every claimant who

was a party to the Claimant Agreement.  The caption of the original complaint clearly indicated

that the Collateral Trustee—*on behalf of the holders of Secured Asbestos Claims classified in

Class 3*—was named as a defendant.  In addition, the exhibits to the original complaint identified

approximately 79,000 individual defendants who were parties to the Claimant Agreement.  The

complaint itself, along with each successive amended complaint, clearly indicated that all of the

claimants who were parties to the Claimant Agreement and Pre-Petition Settlements were the

subject of the litigation.  It is apparent that the Debtors made a mistake when they omitted

approximately 14 defendants from a defendant class that numbered in the tens of thousands.

51.     In connection with a general reconciliation of the exhibit lists to the Avoidance

Actions, the exhibit lists were updated in late July and early August 2008 and circulated to the

defendants' counsel in connection with the opt-out stipulation in the Avoidance Actions and later

with Litigation Settlement.  Debtors' counsel spoke with David Thompson and another lawyer at

his office about the Avoidance Actions and this Court's decisions over the course of the

Avoidance Actions, and provided such counsel with information by e-mail (all of which was

otherwise available on PACER for all counsel).

52.     The Debtors submit that the Additional Claimants were inadvertently omitted due

to transcription errors made when the Debtors' counsel utilized the Kenesis database to create the

exhibit lists.  If not for such errors, the Additional Claimants would have been named in the

original complaint.  It is clear that the Additional Claimants are members of the Defendant class

named in the original complaint and each successive amended complaint.  For this reason, the

Debtors submit that the third condition of Rule 15(c)(3) has also been satisfied.

53.     For each of the above reasons, the Plaintiffs submit that they should be granted

leave to file an amended complaint to add the Additional Claimants as defendants and that such

amendment should relate back to the filing of the original complaints in the Avoidance Actions.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully requests that the Court enter an order

granting Plaintiffs leave to file the amended complaints in the Avoidance Actions.

Dated: December 9, 2008                Respectfully submitted,

                                       **OKIN, HOLLANDER & DELUCA, L.L.P.**


                                       /s/ Gregory S. Kinoian
                                       One Parker Plaza
                                       Fort Lee, New Jersey 07024
                                       (201) 947-7500
                                       Paul S. Hollander (PH-2681)
                                       Gregory S. Kinoian (GK-7386)
                                       and

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1540 Broadway
New York, New York 10036
(212) 858-1000
(212) 858-1500 Fax
Richard L. Epling *(pro hac vice* admission)
Kerry A. Brennan *(pro hac vice* admission)

Attorneys for Congoleum Corporation, *et al*.,
Debtors and Debtors-in-Possession

TEICH GROH
By: /s/ Michael A. Zindler_____
Michael A. Zindler
691 State Highway 33
Trenton, NJ  08619
(609) 890-1500

and

AKIN GUMP STRAUSS HAUER & FELD LLP
Michael A. Stamer, Esq.
One Bryant Park
New York, NY  10036
(212) 872-1000

James R. Savin
David M. Dunn
Joanna F. Newdeck
1333 New Hampshire Avenue, NW
Washington, DC  20036
(202) 887-4000

Attorneys for the Official Committee of Bondholders
Congoleum Corporation, *et al*., As A Representative of
the Debtors-In-Possession